**DENIED and Opinion Filed March 25, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00263-CV

### IN RE EMMY BACKUSY, Relator

**Original Proceeding from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1654232**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Miskel

A jury convicted relator of aggravated sexual assault of a child younger than fourteen years of age. *Backusy v. State*, No. 05-17-01288-CR, 2018 WL 5730166, at *1 (Tex. App.—Dallas Nov. 2, 2018, pet. ref'd) (mem. op., not designated for publication). In 2018, we modified the judgment and affirmed it as modified on direct appeal. *Id.* at *3–4.

Now before the Court is relator's March 7, 2024 petition for writ of mandamus. Relator asks this Court to compel one of his trial attorneys to surrender all papers and documents he received in the case along with his "attorney

investigation findings" so relator may prepare a post-conviction application for writ of habeas corpus.

Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *In re Skinner*, No. 05-23-00930-CV, 2023 WL 6618295, at *1 (Tex. App.—Dallas Oct. 11, 2023, orig. proceeding) (mem. op.). Relator's petition, however, does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See In re Backusy*, No. 05-23-00674-CV, 2023 WL 4540278, at *1 (Tex. App.—Dallas July 14, 2023, orig. proceeding) (mem. op.).

For example, it is relator's burden to provide the Court with a sufficient record to show his entitlement to mandamus relief. *Skinner*, 2023 WL 6618295, at *1; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (requiring a relator to file "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); TEX. R. APP. P. 52.7(a)(1) (requiring a relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Relator, however, filed no record or appendix to support his petition.

Relator also failed to certify he has reviewed the petition and concluded that every factual statement is supported by competent evidence included in the appendix or record. TEX. R. APP. P. 52.3(j). Relator signed a verification wherein he stated that the "foregoing writ application is true and correct," but this verification does not

–2–

satisfy the requirements of rule 52.3(j). *In re Skinner*, No. 05-23-01077-CV, 2023 WL 8230683, at \*1 (Tex. App.—Dallas Nov. 28, 2023, orig. proceeding) (mem. op.). Without a certified petition and authenticated record, relator has failed to carry his burden to provide a sufficient record. *Skinner*, 2023 WL 6618295, at \*1.

Further, relator's petition does not include a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." TEX. R. APP. P. 52.3(h). The petition is also styled incorrectly, *see* TEX. R. APP. P. 52.1 (stating a petition must be captioned, "*In re* [name of relator]"), and it is missing the following: a list identifying the parties and counsel, a table of contents, an index of authorities, a statement of the case, a statement of jurisdiction, a statement of the issues presented, and a statement of facts supported by citations to competent evidence included in an appendix or record. TEX. R. APP. P. 52.3(a)–(c), (d)(1)–(3), (e)–(g).

Accordingly, we deny relator's petition for writ of mandamus.

/Emily Miskel/

240263f.p05

EMILY MISKEL
JUSTICE

–3–